UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEXANDRA H.,
an individual,

    Plaintiff,

vs.

OXFORD HEALTH INSURANCE INC.
FREEDOM ACCESS PLAN; AND
OXFORD HEALTH INSURANCE, INC.,
a corporation,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Alexandra H., (hereinafter "Alexandra H." and/or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, OXFORD HEALTH INSURANCE INC. FREEDOM ACCESS PLAN (hereinafter "The Plan") AND OXFORD HEALTH INSURANCE, INC. (hereinafter "Oxford" and/or "Defendant") (and collectively "Defendants"), and states as follows:

### Jurisdiction, Venue & Parties

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

1

benefit plan.  Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff, Alexandra H., is and was at all times relevant, a resident of the City of Brooklyn, New York.

3. Plaintiff is informed and believes that Defendant OXFORD HEALTH INSURANCE, INC. FREEDOM ACCESS PLAN ("the Plan") is the ERISA Plan under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to benefits.  Annexed hereto as Exhibit 1 is a true and correct copy of the Plan.  The Plan is doing business in this judicial district, in that it covers treatment in this judicial district.

4. Plaintiff is informed and believes that Defendant OXFORD HEALTH INSURANCE, INC. ("Oxford"), is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Florida, and can be found in the Southern District of Florida.  Defendant Oxford is the insurer of the Defendant Plan.

5. Plaintiff was at all times relevant a covered participant under the Plan, an employee welfare benefit plan regulated by ERISA, pursuant to which Plaintiff is entitled to health care benefits, by virtue of her employment by St. Francis School.

6. The claims at issue herein were specifically administered and Defendants' breach of the subject Plan occurred in this judicial district.  Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

7. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff has suffered from anorexia nervosa and obsessive compulsive disorder for sixteen years. She has had numerous inpatient and other treatments, the most recent at Princeton Hospital in March of 2009 and at UNC in Chapel Hill in the summer of 2009. Defendants have wrongfully denied benefits for some of those treatments. However, Plaintiff has been unable to determine the precise nature of the wrongful denials, as Defendants have failed and refused to respond to her requests for copies of her claim file(s). Plaintiff will amend this complaint when she is able to conduct adequate discovery to determine specific facts regarding particular claims which have been wrongfully denied by Defendants.

10. After her discharge from UNC, Plaintiff continued to treat with an outpatient eating disorder expert physician and therapist. By November of 2010, both of these experts recommended a higher level of care for plaintiff. Based on their recommendations, on November 9, 2010 Plaintiff sought treatment at the Oliver-Pyatt Center in Miami, Florida in the residential program. Defendants denied Plaintiff's request for coverage for treatment in the residential program at Oliver-Pyatt, but approved treatment in the partial hospitalization program (PHP). This program provided twelve hours of therapeutic programming daily, including support at all meals and snacks, daily medical assessment, daily individual psychotherapy, weekly individualized treatment team meetings, Dialectical Behavioral Therapy, Cognitive Behavioral Therapy, Body Image Therapy, weekly nutrition and individual therapy with a registered dietician, supported exposure therapy, supported meal outings, interpersonal process groups, psychodrama and expressive therapies, family psycho-education, multi-family therapy, yoga and monitoring at night when necessary.

11. Pursuant to the terms of the Plan, Oliver-Pyatt, on behalf of Plaintiff, submitted claims for benefits to the Plan for her treatment. Defendants initially approved coverage for Plaintiff's PHP treatment. However, effective January 5, 2011, Defendants improperly denied further coverage for Plaintiff's PHP treatment at Oliver-Pyatt on the grounds that the treatment was not "medically necessary" and that Plaintiff could be treated at an intensive outpatient (IOP) level of care.

12. Oliver-Pyatt, on behalf of Plaintiff, timely and urgently appealed this denial. On January 6, 2011, Defendants upheld the decision to deny coverage.

13. Oliver-Pyatt, on behalf of Plaintiff, exercised the second level appeal right contained in the Plan. A letter signed by Plaintiff's treatment team explained that Plaintiff met the American Psychiatric Association Guidelines for PHP Level of Care. The letter also explained that Plaintiff "was struggling with severe depression, and suicidal ideation. Her mental status was notable for flat affect, powerfully dysphoric mood, feelings of hopelessness, and severely distorted thinking concerning her body and her own worth. She was felt to be at high risk from a safety perspective were she to be outside of the structure setting of treatment." Despite this evidence, Defendants again upheld the denial of coverage.

14. Plaintiff also sought an external review provided by the Plan. The Plan upheld its denial upon external review.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS FOR DENIAL OF BENEFITS

### Action to Recover Plan Benefits, Enforce Rights Under the Plan, And Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C (a)(1)(B)

15. Plaintiff incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16. Defendants wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

   (a) Failure to pay and/or approve medical benefit payments due to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claim for medical benefits;

    (c) After the claims were denied in whole or in part, failure adequately to describe to Plaintiff any additional material or information necessary to perfect the claim along with an explanation of why such material is or was necessary; and

    (d) Failure properly and adequately to investigate the merits of the claim.

  17. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and of which Plaintiff will immediately make Defendants aware once said acts or omissions are discovered by Plaintiff.

  18. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all conditions precedent to the filing of this lawsuit.

  19. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred for her treatment, in a total sum to be proven at the time of trial.

  20. As a further direct and proximate result of this improper determination regarding the medical claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g) (1), Plaintiff is entitled to have such fees and costs paid by Defendants.

  21. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

  WHEREFORE, Plaintiff, ALEXANDRA H., prays for judgment against Defendants OXFORD HEALTH INSURANCE INC. FREEDOM ACCESS PLANS and OXFORD HEALTH INSURANCE, INC., as follows:

1. Payment of all past health insurance benefits due to Plaintiff under the Plan;

2. Payment of prejudgment and post-judgment interest as allowed for under ERISA at the lawful rate;

3. A mandatory Injunction and Declaration requiring Defendants to immediately qualify Plaintiff for medical benefits due and owing under the Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of November 2011.

>DI LAW GROUP
>Attorneys for Plaintiff
>4151 Hollywood Boulevard
>Hollywood, Florida 33021
>Tel: (954) 989-9000
>Fax: (954) 989-9999
>
>/s/ Alicia Paulino-Grisham
>Alicia Paulino-Grisham
>Florida Bar No.: 0676926
>E-mail: alicia@dilawgroup.com
>
>/s/ Maggie M. Smith
>Maggie M. Smith
>Florida Bar No.: 023510
>E-mail: maggie@dilawgroup.com