UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEXANDRA H., an individual,

     Plaintiff(s),

vs.

OXFORD HEALTH INSURANCE, INC.,
FREEDOM ACCESS PLAN, and OXFORD
HEALTH INSURANCE, INC., a corporation,

     Defendant(s)

_____/

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

---

## DEFENDANT OXFORD HEALTH INSURANCE, INC.'S MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

---

SEDGWICK LLP
Attorneys for Defendant(s)
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL  33308
Telephone:    (954) 958-2500
Facsimile:    (954) 958-2513

125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(Sedgwick File No.03246-000140)

Kenneth E. White
Michael H. Bernstein, *pro hac vice admission pending*
John T. Seybert, *pro hac vice admission pending*
*Of Counsel*

i

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ 1

FACTUAL BACKGROUND ............................................................................... 3

PROCEDURAL HISTORY ................................................................................. 7

ARGUMENT ...................................................................................................... 7

POINT I

PLAINTIFF'S ACTION SHOULD BE DISMISSED ON THE BASIS OF IMPROPER
VENUE ............................................................................................................... 7

     A.    Plaintiff's ERISA Action Was Not Properly Brought in this District ........................... 8

POINT II

IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER JOYNER'S ACTION TO
THE EASTERN DISTRICT OF NEW YORK ................................................... 14

     A.    Venue is Proper in the Eastern District of New York ...................................... 15

     B.    In the Interest of Justice, This Court Should Transfer This Case to the Eastern
          District of New York .................................................................................. 16

     C.    The Plaintiff's Choice of Forum is not Entitled to any Deference ................... 17

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Aero Technologies, LLC* v. *Lookton Cos. Int'l, Ltd.*,
    406 Fed. Appx. 440 (11th Cir. 2010) .................................................................. 6

*Amersham Pharmacia Biotech, Inc.* v. *Perking-Elmer Corp.*,
    11 F.Supp.2d 729 (S.D.N.Y. 1998) .................................................................. 13

*Barnum* v. *Mosca*,
    No. 1:08-CV-567 (LEK/RFT), 2009 WL 982579 (N.D.N.Y. Apr. 13, 2009) ............................... 9, 10

*Blankenship* v. *Metropolitan Life Ins. Co.*
    644 F.3d 1350 (11th Cir. 2011) .................................................................. 10

*Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*,
    481.F.Supp. 454 (N.D. Ga 1979) .................................................................. 8

*Burger King Corp.* v. *J.T. Thomas*,
    755 F.Supp. 1026 (S.D. Fla. 1991) .................................................................. 6, 7

*Chapman* v. *ChoiceCare Long Term Disability Plan*,
    228 F.3d 506 (2d Cir. 2002) .................................................................. 7

*Cole* v. *Central States Southeast Areas Health & Welfare Fund*,
    225 F.Supp.2d 96 (D.Mass. 2002) .................................................................. 11

*Delong Equip. Co.* v. *Washington Mills Abrasive Co.*,
    840 F.2d 843 (11th Cir. 1988) .................................................................. 6

*Delta Air Lines, inc,* v. *Western Conference of Teamsters Pension Trust*,
    722 F. Supp. 725 (N.D. Ga 1989) .................................................................. 9

*Energy Source, Inc.* v. *Gleeko Properties, Inc.*,
    2011 WL 3236047 (S.D. Fla. July 28, 2011) .................................................................. 6

*Garg* v. *Winterthur*,
    No. 05 Civ. 5870(LTS), 2007 WL 136263 (S.D.N.Y. Jan. 18, 2007) .................................................................. 9

*Harris Corp.* v. *National Iranian Radio & Television*,
    691 F.2d 1344 (11th Cir. 1982) .................................................................. 6

*Hertz Corp.* v. *Friend*,
    130 S.Ct. 1181 (2010) .................................................................. 9

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

*Hobson* v. *Metropolitan Life Ins. Co.*
   574 F.3d 75 (2d Cir. 2009) .................................................................................................10

*Hunt* v. *Hawthorne Associates, Inc.*,
   119 F.3d 888 (11th Cir.1997) ..............................................................................................7

*Hurt* v. *Pullman Inc.*,
   764 F.2d 1443 (11th Cir. 1985)...........................................................................................7

*In re Principal U.S. Property Account Litigation*,
   No. 09 Civ. 9889(CM), 2010 WL 1645042(S.D.N.Y. Apr. 22, 2010).........................12, 14

*Ins. Co. of N. Am.* v. *S/S Ro Ro Genova*,
   661 F.Supp. 1578 (S.D.N.Y. 1987)......................................................................................11

*International Shoe Co.* v. *Washington*,
   326 U.S. 310 (1945)..............................................................................................................8

*Lasher* v. *Day & Zimmerman Intern., Inc.*,
   2006 WL 1518877 (N.D. Ga May 30, 2006) ......................................................................11

*Lee* v. *Burkhart*,
   991 F.2d 1004 (2d Cir. 1993)...............................................................................................8

*Lipcon* v. *Underwriters at Lloyd's, London*,
   148 F.3d 1285 (11th Cir. 1998) ...........................................................................................6

*Marley* v. *Jetshares Only, LLC*,
   767 F. Supp 2d 1337 (S.D. Fla 2011) .................................................................................6

*Popescu* v. *CMA CGM*
   No. 09-20860-civ., 2009 WL 560131 (S.D. Fla. Nov. 5, 2009) ...........................................7

*Retirement Plan of Unite Here Nat. Retirement Fund* v. *Village Resorts, Inc.*,
   No. 08 Civ. 4249 (RPP), 2009 WL 255860 (S.D.N.Y. Feb. 3, 2009)...................................8

*Robinson* v. *Giamarco & Bill, P.C.*,
   74 F 3d 253 (11th Cir. 1996) .............................................................................................14

*Roshinsky* v. *Reynolds*,
   No. 06-CV-6340 (CJS), 2008 WL 2827528 (W.D.N.Y. Jul. 21, 2008) ...............................10

*Schnur* v. *CTC Communications Corp. Group Disability Plan*,
   621 F.Supp.2d 96 (S.D.N.Y. 2008).......................................................................................8

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

*Seitz* v. *Board of Trustees of The Pension Plan of the New York State Teamsters Conference Pension and Retirement Fund*,
953 F.Supp. 100 (S.D.N.Y. 2002) ............................................................................. 8

*Slater* v. *Energy Servs. Group Int'l, Inc.*,
634 F.3d 1326 (11th Cir. 2011) ................................................................................ 6

*Solis* v. *Seibert*,
8:09-cv-1726-T-33AEP, 2010 WL 1408429 (M.D. Fla. Apr. 5, 2010) .................... 14

*Sprinzen* v. *Supreme Court of The State of New Jersey*,
478 F.Supp. 722 (S.D.N.Y. 1979) ........................................................................... 8

*U.S. Securities and Exchange Commission* v. *Kearns*,
No. 09 Civ. 2296 (DLC), 2009 WL 2030235 (S.D.N.Y. Jul. 14, 2009) ................... 13

*Wai* v. *Rainbow Holdings*,
315 F. Supp.2d 1261 (S.D. Fla. 2004) ...................................................................... 7

*Whitehaus Collection* v. *Barclay Products, Limited*,
No. 11 Civ. 217(LBS), 2011 WL 4036097 (S.D.N.Y. Aug. 29, 2011) .............. 11, 12, 13, 14

## STATUTES

Employee Retirement Income Security Act of 1974 ("ERISA"),
29 U.S.C. §1001, *et seq.* ........................................................................................... 2

28 U.S.C. §1404(a) ......................................................................................................... 11

28 U.S.C. §1406(a) ......................................................................................................... 6

28 U.S.C. §1446 ............................................................................................................. 1

29 U.S.C. §1002 ............................................................................................................. 7

29 U.S.C. §1132(e)(2) ................................................................................................. 2, 9

ERISA §502(d)(2) ...................................................................................................... 7, 12

ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2) ............................................................... 2, 7

ERISA §502(e)(2); 29 U.S.C. §1132(e)(2) ......................................................... 9, 12, 13

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

## RULES

Rule 12(b)(3), FED. R. CIV. P. ...................................................................................................1, 6, 11, 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEXANDRA H., an individual,

       Plaintiff(s),

vs.

OXFORD HEALTH INSURANCE, INC.,
FREEDOM ACCESS PLAN, and OXFORD
HEALTH INSURANCE, INC., a corporation,

       Defendant(s)

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

_____/

## DEFENDANT OXFORD HEALTH INSURANCE, INC.'S MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Oxford Health Insurance, Inc. ("Oxford"),[1] by and through its undersigned counsel, files this motion and Memorandum of Law in support of its motion in response to Plaintiff's Complaint previously served on it, and requests this Honorable Court issue an order pursuant to Rule 12(b)(3), FED. R. CIV. P., dismissing this action based upon Plaintiff's filing of this action in an improper venue, or in the alternative transferring venue pursuant to 28 U.S.C. §1446 to the U.S. District Court For the Eastern District of New York ("EDNY") and would show unto the Court as grounds therefore that:

Plaintiff's action alleges a claim for health benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

---

[1] This motion is brought on behalf of Oxford, only, and not "Oxford Health Insurance, Inc. Freedom Access Plan"; that named "party" does not exist, is merely a product name used by Oxford and Plaintiff has agreed to voluntarily dismiss/drop the Freedom Access Plan as a party defendant.

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

U.S.C. §1001, *et seq.* Plaintiff resides in Brooklyn, New York, is employed in Brooklyn, New York, is enrolled in a plan administered in Brooklyn, New York, all of which are within the geographic boundaries of the EDNY. Nevertheless, Plaintiff filed her action in the Southern District of Florida ("SDF") although no party, no claim and no defense has any relevant connection with this State and no venue statue applicable to this action provides a basis for venue in the SDF. Plaintiff's claim that venue is appropriate is predicated on the allegation that "the claims at issue were specifically administered and Defendants' breach of the subject Plan occurred in this judicial district" and that 29 U.S.C. §1132(e)(2) provides for venue in the SDF. Plaintiff's basis for venue is without support in the Complaint, is founded on an incorrect interpretation of ERISA's venue provision and her allegations are factually incorrect and contradicted by the documentary evidence. ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2) provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The Plan is administered in Brooklyn, New York. Plaintiff's allegation that the "claims" were "administered" in SDF, even if accurate, is immaterial to venue as a matter of law; the issue is where the Plan is administered - not where the claims are administered.

Moreover, Plaintiff's allegations are demonstrably false. Plaintiff did not submit any claims to Oxford in the SDF or did Oxford process or administer any claims or appeal of a benefit determination in the SDF. The only connection this action has to the State of Florida and the SDF is that some (not all) of the medical services for which Plaintiff seeks coverage in this matter were rendered in Florida. Nonetheless, all of the claims in issue were administered outside of Florida.

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

As set forth more fully below, this Court should dismiss this action because the stated basis

for venue is demonstrably improper or, in the alternative, transfer venue of this action to the EDNY

where Plaintiff, the Plan, the Plan Administrator and Oxford are all located.

**FACTUAL BACKGROUND**

Plaintiff was and is a resident of Brooklyn, New York. (Complaint (hereinafter DE 1) at ¶ 2;

Declaration of Rodney Lippold dated January 10, 2012, at ¶2, filed contemporaneously and

hereinafter referred to as "Lippold Dec.".)  Plaintiff was enrolled in a welfare benefit plan sponsored

by her employer, St. Ann's School (Plan), which is also located in Brooklyn, New York. (DE 1 at ¶

5; Lippold Dec. at ¶¶ 4.).  Oxford issued a group policy of insurance to fund the benefits under the

Plan and administered claims for Plan benefits pursuant to a full grant of discretionary authority by

St. Ann's School.  (Lippold Dec., Ex. "2" ,p. 37).  Pursuant to the terms of the Group Enrollment

Agreement between St. Ann's and Oxford, Oxford issued to Plaintiff a Certificate of Coverage

("COC") setting forth the terms, limitations, conditions and exclusions to coverage.  (Lippold Dec.

Ex. "2").  Oxford is a New York corporation with its principal place of business in Connecticut.[2]

(DE 1 at ¶ 4.) The Certificate of Coverage and the Riders to the Certificate, which set forth the

coverage/benefits in part relevant to this dispute and which were attached to and incorporated by

the Plaintiff in her Complaint (DE 1-4 and 1-5) set forth clearly that this Defendant is located in

New York and Connecticut. All pages of both exhibits indicate in the bottom right-hand corner that

the form document being used relates to New York. All corporate information related to Oxford is

---

[2] Oxford is a subsidiary of Oxford Health Plans (NY), Inc., which is a New York corporation. *See,*
New York State Department of State, Division of Corporations website at
*http://appext9.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid=1096054*
*&p_corpid=990818&p_entity_name=%4F%78%66%6F%72%64%20%48%65%61%6C%74%68&p_na*
*me_type=%41&p_search_type=%42%45%47%49%4E%53&p_srch_results_page=0* <visited January 9,
2012>.

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

to be obtained by contacting Oxford in Connecticut. (DE 1-4, p. 8.) The entire grievance, appeal

and external appeal process for claims and benefit related matters, including Medical Necessity

denials, are administered through Oxford in New York, Connecticut and Illinois. (DE 1-4, pp.23-26;

DE 1-5, pp. 18, 28, 31.)

Plaintiff has been diagnosed and treated for an eating disorder.  (DE 1 at ¶9).  Plaintiff

received treatment at University of North Carolina, which Oxford approved and covered under the

terms of the COC.  (DE 1 at ¶10).  Plaintiff was subsequently discharged to the Oliver-Pyatt

residential treatment center located in Miami, Florida.  (Id.).  Oxford approved benefits and provided

coverage pursuant to the COC while Plaintiff stayed at the residential treatment center from

November 9, 2010 through January 5, 2010, almost two months.[3]  (DE 1 at ¶¶10-11).  Oxford

denied further benefits for Plaintiff's in-patient residential treatment stay at the Oliver-Pyatt center

on the grounds that treatment could be rendered on a less intensive basis; i.e. on an out-patient

basis; and therefore in-patient services were no longer medically necessary under the terms of the

Plan.  (Declaration of Shelley Lacroix dated January 9, 2012, Ex. "3", contemporaneously filed

herewith and hereinafter referred to as "Lacroix Dec.".).  This decision was made by Satwant

Alhuwalia, M.D., as Oxford Medical Director, who is located in Connecticut.  (Id.).[4]  Oxford advised

plaintiff of its adverse benefit detrmination by letter dated January 4, 2011, which explained the basis

for this decision and also included a statement of Plaintiff's appeal rights, advising her to submit any

---

[3] Plaintiff has identified other medical services that she received from medical providers located in New Jersey and North Carolina which were covered by Oxford. (DE 1 at ¶9.).  Inexplicably, Plaintiff alleges that she may need discovery to identify other claims that were denied.  This allegation makes no sense because Plaintiff would know which claims were denied and would need to seek an administrative appeal before commencing an action to challenge those determinations.

[4] Dr. Ahluwalia is licensed in New York and is registered with the state as having her residence in Stamford, CT.  *See* http://www.nysed.gov/coms/op001/opsc2a?profcd=60&plicno=114933&namechk=AHL <visited Jan. 9, 2012>.

4

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

appeal of this determination to Oxford in Schaumburg, Illinois. (*Id.*). Plaintiff submitted her first level appeal to Oxford's appeal unit in Schaumburg, Illinois. Oxford upheld its origianl adverse determination on appeal and advised Plaintiff of this decision by letter dated January 6, 2011. (Declaration of Timothy O'Brien dated January 9, 2012, Ex. "4", contemporaneously filed herewith and hereinafter referred to as "O'Brien Dec."). The letter also explained the basis for Oxford's decision and stated that if she wished to pursue a second-level appeal that she must submit the appeal to Oxford's claim office in Schaumburg Illinois. (*Id.*).

Plaintiff submitted a second-level appeal to Oxford's Schaumburg, Illinois office and Oxford again upheld its adverse benefit determination and issued a letter dated February 8, 2011, providing the basis for its decision. (O'Brien Dec., Ex. "5"). The letter advised Plaintiff that she could pursue an external appeal under the laws of the State of New York. (*Id.*). Plaintiff pursued an external appeal by submitting it to the New York state agency responsible for administering external appeals and the agency referred Plaintiff's appeal to the Medical Care Ombudsman Program for review. (O'Brien Dec., Ex. "9"). The independent medical record peer reviewer, who was a board certified psychiatrist appointed by the New York State Agency, reviewed the medical records and upheld Oxford's determination. (*Id.*). Thus, there is no evidence to indicate that Plaintiff's claim was ever administered in the SDF or the State of Florida at any stage of the administrative or external review process.

These facts, supported by the declarations and exhibits attached, directly contradict the bare, unsupported allegations in Plaintiff's Complaint. In addition to the foregoing, Plaintiff's counsel submitted a number of requests for documents from Oxford prior to filing this action. All of those requests were sent on behalf of the Plaintiff to Oxford's office in Schaumburg, Illinois. (O'Brien Dec., Exs. "6"-"8"). In fact,  Plaintiff has not identified any correspondence in her

5

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

Complaint to support her allegation that any alleged breach occured in Florida, which is her purported basis for placing venue in this District under ERISA. (*Compare* DE 1 at ¶¶ 6, 11-14 *with* O'Brien Dec. Exs. "4"-"9".).

## PROCEDURAL HISTORY

On November 2, 2011, Plaintiff commenced this action by filing her Complaint in the SDF. (DE 1). Plaintiff served Oxford with the Summons and Complaint on or about November 15, 2011 (DE 16), and a response to the Complaint is due on or about January 10, 2012 per Court order (DE 20).

## ARGUMENT

## POINT I
## PLAINTIFF'S ACTION SHOULD BE
## DISMISSED ON THE BASIS OF IMPROPER VENUE

28 U.S.C. §1406(a) provides that the "district court of a district in which is filed a case laying venue in the *wrong* division or district shall dismiss or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." *Id.* (emphasis added). A defendant may raise a defense of improper venue by a motion to dismiss pursuant to Rule 12(b)(3), FED. R. CIV. P. *See Aero Technologies, LLC v. Lookton Cos. Int'l, Ltd.*, 406 Fed. Appx. 440 (11th Cir. 2010) ("This circuit has long recognized that 'venue is a personal privilege to be raised by motion and the privilege may be waived.") (quoting *Harris Corp.* v. *National Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982)). *See, generally, Lipcon* v. *Underwriters at Lloyd's, London*, 148 F.3d 1285 (11th Cir. 1998) (motion to dismiss based on improper venue should be made under Rule 12(b)(3), FED. R. CIV. P.); *see also, Slater* v. *Energy Servs. Group Int'l, Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011).

The purpose of the federal venue statutes is to ensure that a defendant is not hailed into a district that has no real relationship to the dispute to defend itself. *See Marley* v. *Jetshares Only, LLC*,

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

767 F. Supp 2d 1337,1339 (S.D. Fla 2011). "To evaluate where the claim arose for the purposes of
§1391(b)(2), both the Eleventh Circuit and this District utilize the 'weight of the contacts' test."
*Delong Equip. Co.* v. *Washington Mills Abrasive Co.*, 840 F.2d 843, 855 (11th Cir. 1988); *Burger King Corp.*
v. *J.T. Thomas,* 755 F.Supp. 1026, 1028 (S.D. Fla. 1991).  Once challenged, the burden is on the
plaintiff to make a showing that venue is proper in this district. *Burger King,* 755 F. Supp. at 1028."
*Energy Source, Inc. v. Gleeko Properties, Inc.*, 2011 WL 3236047,*7 (S.D. Fla. July 28, 2011); *Popescu* v.
*CMA* CGM No. 09-20860-civ., 2009 WL 560131, * (S.D. Fla. Nov. 5, 2009) (Altonaga, J.) (citing
*Wai* v. *Rainbow Holdings*, 315 F. Supp.2d 1261, 1268 (S.D. Fla. 2004)); *Burger King Corp.* v. *J.T. Thomas*,
755 F. Supp. 1026, 1028 (S.D. Fla. 1991).

A.      **Plaintiff's ERISA Action Was Not Properly Brought in this District**

        Plaintiff is required to comply with ERISA's venue provision, which expressly limits where a
claimant can file an action seeking benefits under ERISA §502, 29 U.S.C. §1132.  Specifically,
ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), provides that an action seeking benefits can only be
brought in the district (1) "where the plan is administered"; (2) "where the breach took place"; or (3)
"where the defendant resides or may be found."  Venue in the SDF is not proper on any of these
three bases.

        In the context of this ERISA action, and therefore for purposes of determining venue, the
only proper party defendant is the ERISA Plan.  ERISA §502(d)(1), 29 U.S.C. §1132(d)(1) provides
"[a]n employee benefit plan may sue or be sued under this subchapter as an entity."  ERISA
§502(d)(2) provides that "[a]ny money judgment under this subchapter against an employee benefit
plan shall be enforceable only against the plan as an entity and shall not be enforceable against any
other person unless liability against such person is established in his individual capacity under this
subchapter."  The Eleventh Circuit has consistently held that the Plan may be sued as a legal entity.

*See Hunt* v. *Hawthorne Associates, Inc.*, 119 F.3d 888, 916 (11th Cir.1997) ("We have allowed such actions to proceed against both the plan and the plan administrator, without explicitly addressing the issue of who is the proper defendant.");[5] *Hurt* v. *Pullman Inc.*, 764 F.2d 1443, 1448 n. 5 (11th Cir. 1985); *Chapman* v. *ChoiceCare Long Term Disability Plan*, 228 F.3d 506, 509 (2d Cir. 2002); *see also Lee* v. *Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993); *Schnur* v. *CTC Communications Corp. Group Disability Plan*, 621 F.Supp.2d 96, 109 (S.D.N.Y. 2008). Accordingly, for the purpose of determining whether venue is proper in this district, the Court should only consider the St. Ann's School Plan's connection to Florida or the Southern District of Florida since the Plan is the only proper defendant in this action.

The St. Ann's School Plan cannot be "found" in this District because it has not engaged in any purposeful activity in this District. The Plaintiff has not alleged that any premium payments in connection with the Plan were sent to this District, that any contributions to the Plan were sent from this District and beyond the bare allegations related to the location of the alleged breach that have been contradicted by the evidence submitted, made no credible allegations hat the Plan was administered in this district.

Moreover, as a matter of law, the Plan is administered in the district where it is "managed" or "directed." *Retirement Plan of Unite Here Nat. Retirement Fund* v. *Village Resorts, Inc.*, No. 08 Civ. 4249 (RPP), 2009 WL 255860, *3 (S.D.N.Y. Feb. 3, 2009); *Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*, 481.F.Supp. 454, 457 (N.D. Ga 1979); *Sprinzen* v. *Supreme Court of The State of New Jersey*, 478 F.Supp. 722, 723 (S.D.N.Y. 1979). Here, the Plan is administered in Brooklyn, New York because that is the location of St. Ann's School. (Lippold Dec., Ex. "1", ¶__). There is no

---

[5] Oxford is not the Plan Administrator. 29 U.S.C. §1002. (Lippold Dec., Ex. "2", p. 28). It appears that St. Ann's is the Plan Administrator.

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

allegation that St. Ann's administered the Plan in the SDF. (DE 1). Moreover, in order to be "found" in a district, the defendant must have "minimum contacts" as set forth in *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945). *See Seitz* v. *Board of Trustees of The Pension Plan of the New York State Teamsters Conference Pension and Retirement Fund*, 953 F.Supp. 100, 102 (S.D.N.Y. 2002). "In the context of ERISA actions, courts have determined that a defendant is found for purposes of venue where there was some purposeful activity in the district in connection with the administration of the relevant ERISA plan." *Garg* v. *Winterthur*, No. 05 Civ. 5870(LTS), 2007 WL 136263, *2 (S.D.N.Y. Jan. 18, 2007). The Plan *lacks any contacts with the SDF*.

Plaintiff, in an apparent attempt at misdirection, alleges that the "claims" (not the Plan) were administered in the SDF. (DE 1 at ¶6). But this is an irrelevant point. 29 U.S.C. §1132(e) does not state that venue may be based on where claims are administered; it only provides venue where the "plan is administered." ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). As discussed above, the St. Ann's School Plan is currently located and administered in New York. *See Hertz Corp.* v. *Friend*, 130 S.Ct. 1181, 1192-93 (2010) (holding that a corporation's "nerve center" is usually where it maintains its headquarters). To say that a defendant is "found" in a district means more than simply "doing business" in that district. *Delta Air Lines, inc.*, v. *Western Conference of Teamsters Pension Trust*, 722 F. Supp. 725, 728 (N.D. Ga 1989). The defendant must actually be administering the Plan in that district. St. Ann's did not agree to be hauled into every federal jurisdiction merely because it contracted to have claims for benefits administered and insured by Oxford as opposed to a local health insurance company or one of the Plan participants requested or required health care to be delivered in a "foreign" location.

The Court need only reference the Plan's language attached to the Complaint by the Plaintiff (DE1-4, 1-5) to see that it identifies the plan claims administration, grievance and appeal

process to be wholly outside the State of Florida, that it was accessed by the Plaintiff and on her behalf in Connecticut, New York and Illinois and has no relationship to the SDF. Oxford, is incorporated in the State of New York. Its principal place of doing business is not in Florida, but in Connecticut. The administration of the plan benefits at issue was not in the SDF as alleged, but in locations elsewhere in the country. The requests for authorization, the decisions concerning Plaintiff's entitlement to benefits, the appeals and final determination were all made at locations other than within the geographic boundaries of the SDF. (DE 1-4, 1-5; O'Brien Dec.) *See Barnum* v. *Mosca*, No. 1:08-CV-567 (LEK/RFT), 2009 WL 982579, *3 (N.D.N.Y. Apr. 13, 2009); *Roshinsky* v. *Reynolds*, No. 06-CV-6340 (CJS), 2008 WL 2827528, *3 (W.D.N.Y. Jul. 21, 2008). The request for preauthorization was denied in Trumbull, Connecticut. The appeal determination was made in Schaumburg, Illinois. (O'Brien Dec., Ex. "4"). The external appeal was performed a New York State by an appointed independent medical reviewer. (O'Brien Dec., Ex. "9").

Plaintiff references three providers whose care may serve as the basis for the benefit claim, only one of which is located in Florida. (DE 1 at ¶¶10-12). Further, given Plaintiff's allegation that she wants to "clarify" her rights to future care, that must be accomplished by reference to the Plan using New York law, and the care could be provided anywhere; the fact that one provider is located in the Florida is not a basis for venue to be proper in the SDF. (DE 1, Ex. "1"; Lippold Dec., Ex. "2"). This is especially true as the provider is not a party, and no individual associated with that or any provider would be a witness. Under law in this Circuit and the Second Circuit, the Court's review is limited to the content of the administrative record and the Court should notconsider any proof or testimony outside of the administrative record. *See Blankenship* v. *Metropolitan Life Ins. Co.* 644 F.3d 1350, 1354 (11th Cir. 2011) ("Review of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

decision."); *Hobson* v. *Metropolitan Life Ins. Co.* 574 F.3d 75, 82 (2d Cir. 2009). Therefore, the location of witnesses should be irrelevant to the Court's consideration of venue. Given that the Plaintiff lives and works in the Brooklyn, New York area, and the Plan is also located there, it must be assumed that the Plaintiff made contributions/paid premiums, enrolled in and, makes changes to and participates in the Plan in the same location. Moreover, Plaintiff has not alleged any facts to indicate that any part of the Plan administration took place in the SDF.

Plaintiff also alleges that the breach took place in this District. (DE 1 at ¶6). This allegation is incorrect as a matter of law. "[F]or purposes of the ERISA venue statute, the place of breach occurs where the plaintiff is to receive [her] benefits." *Barnum*, 2009 WL 982579, at *3; *Roshinsky*, 2008 WL 2827528, at *3 (holding that the breach occurred where "Plaintiff has historically received the benefits that he now claims are being denied him"); *See also, Cole* v. *Central States Southeast Areas Health & Welfare Fund*, 225 F.Supp.2d 96, 98 (D.Mass. 2002) (affirming that "the place of breach is the place where payment was to be received").[6] As previously established, Plaintiff resides in Brooklyn, New York, who is the person allegedly entitled to receive the benefits at issue.

Accordingly, even viewing Plaintiff's allegations in her Complaint in the light most favorable to her, there is no valid basis to establish that venue is proper here and the Court should therefore dismiss this action pursuant to Rule 12(b)(3), FED. R. CIV. P.

## POINT II
## IN THE ALTERNATIVE, THIS COURT
## SHOULD TRANSFER JOYNER'S ACTION
## TO THE EASTERN DISTRICT OF NEW YORK

To the extent this Court determines that dismissal is not appropriate in this instance, it is respectfully requested that, in the interest of justice, this action be transferred to the EDNY, where

---

[6] Oxford denies that any breach occurred and asserts that its determination was supported by substantial evidence in the administrative record.

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

this action should have originally been brought. Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a) requires satisfaction of a two-part test: First, the Court must determine whether the proposed venue is one where the action could have originally been brought. *See Whitehaus Collection* v. *Barclay Products, Limited*, No. 11 Civ. 217(LBS), 2011 WL 4036097, *1 (S.D.N.Y. Aug. 29, 2011) (citing *Ins. Co. of N. Am.* v. *S/S Ro Ro Genova*, 661 F.Supp. 1578, 1579 (S.D.N.Y. 1987)); *Lasher* v. *Day & Zimmerman Intern., Inc.*, 2006 WL 1518877,*4 (N.D. Ga May 30, 2006). Second, the Court must determine whether the proposed transfer is "in the interest of justice" and "for the convenience of the parties and witnesses." *Whitehaus Collection, supra.* The Court has "broad discretion in making determinations of convenience [and fairness] under Section 1404(a)." *Id.* at *2; *In re Principal U.S. Property Account Litigation*, No. 09 Civ. 9889(CM), 2010 WL 1645042, *2 (S.D.N.Y. Apr. 22, 2010).

A. <u>**Venue is Proper in the Eastern District of New York**</u>

As discussed in detail above, an action seeking benefits under ERISA §502(a) can only be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). Accordingly, Plaintiff could have (and should have) brought this action in the EDNY, which is the district where Plaintiff resides, the Plan resides, the Plan Sponsor is located, where this Defendant is incorporated and where the Plan administration occurs. While it may or may not be seen as the location where the breach occured, the benefit determination and appeal process occured in multiple locations, none of which is in the SDF or the State of Florida. Since Plaintiff could have brought this action in the EDNY, this Court must also determine whether, in the interest of justice, it is the more appropriate

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

venue given the specific circumstances of this case. Reference to the weight of contacts test requires

the transfer of the case to the EDNY if the Court does not simply dismiss the action.

**B.      In the Interest of Justice, This Court Should Transfer This Case to the Eastern District of New York**

In deciding whether a case should be transferred to another venue in the interest of justice,

this Court has generally considered numerous factors, including:

> (1) [T]he convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

*Whitehaus Collection*, 2011 WL 4036097, *2 citing *Amersham Pharmacia Biotech, Inc.* v. *Perking-Elmer*

*Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y. 1998); *U.S. Securities and Exchange Commission* v. *Kearns*, No.

09 Civ. 2296 (DLC), 2009 WL 2030235, *2 (S.D.N.Y. Jul. 14, 2009).   The language of the COC

issued by Oxford to the participants in the St. Ann's School Plan provides that it is to be governed

by the laws of the State of New York. (DE 1, Ex. "1", p. 2; Lippold Dec. Ex. "2", p. 37.)

Here, none of the above-listed factors weigh in favor of keeping this action venued in the

SDF.  Rather, to the extent the other factors have any applicability to this case, they all weigh in

favor of transfer to New York. Referring to the factors to be considered above, the interests of

justice require transfer:  Few, if any witnesses are located in South Florida; there are no documents

not already in the possession of Oxford or its designee that are located in Florida or that could not

be easily transferred electronically to any location. No party is located in Florida; South Florida

cannot be viewed as "convenient" for Plaintiff or this Defendant and other than the fact that one of

the identified providers of health care is located in South Florida, none of the operative facts

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

occured here.  Furthermore, compelling witnesses who reside primarily in the north eastern United States to appear in South Florida would be cumbersome, expensive and require the actions of multiple courts. Given that neither party is a resident of Florida, but both are residents of New York, transferring the matter to New York would be more convenient for both Plaintiff and the Defendant where costs of litigation/means are concerned. Accordingly, the totality of the circumstances weigh heavily in favor of transfer.

**C.       The Plaintiff's Choice of Forum is not Entitled to Deference**

As discussed in detail above, Plaintiff failed to commence this ERISA action in a proper venue pursuant to ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). Therefore, Plaintiff's choice of venue should not be afforded any deference as a matter of law.  Nevertheless, to the extent this Court considers this factor, it is important to note that while ERISA plaintiffs are ordinarily entitled to heightened deference to their choice of venue, this factor is not dispositive of a motion to transfer venue if the choice is clearly outweiged by other considerations. *Robinson* v. *Giamarco & Bill, P.C.*, 74 F 3d 253, 260 (11th Cir. 1996)(citations omitted). *See also, In re Principal*, 09 Civ. 9889(CM), 2010 WL 1645042, *3, *6 (S.D.N.Y. 2010)(granting motion to transfer venue despite this Court according "great weight" to the ERISA plaintiff's choice of forum).  A plaintiff's choice of forum should be entitled to less deference when the forum selected is not the plaintiff's home district or where the operative facts have no connection to the chosen district. *Whitehaus Collection*, 2011 WL 4036097, *3; *In re Principal*, 2010 WL 1645042, *3; *See also, generally, Solis* v. *Seibert*, 8:09-cv-1726-T-33AEP, 2010 WL 1408429 (M.D. Fla. Apr. 5, 2010).  Here, the forum selected by Plaintiff is not the home district of Plaintiff or this Defendant, is not the home district of the Plan or Plan Sponsor, is not where the administrative decisions in question occured or where the Plan is typically administered. Indeed,

14

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

butfor the fact that only  one of three identified providers (none of whom are parties) is located in this district, there would be no contact at all with this District.

## CONCLUSION

Oxford is entitled to dismissal of this action under Rule 12(b)(3), FED. R. CIV. P., for improper venue/forum selection by Plaintiff. The SDF has no connection with the relevant facts or significant legal issues involved, is not the home district of any party, the Plan or Plan Sponsor and is not the home district of the majority of the witnesses who may be called upon to testify assuming the Court seeks to rule on the matter using a *de novo* standard. The only stated basis for the decision by Plaintiff to file suit in this district is the bare allegation that some part of the alleged breach occurred in the SDF. These statements, made with no support at all, are not accurate as to all providers whose care may have some relevance to the action. Moreover, the allegations are inaccurate as the primary administration of the Plan occurs in New York and the benefit determinations and the appeals process involving those determinations occurred in locations other than South Florida as demonstrated by the Declarations of Rodney Lippold, Shelley Lacroix and Timothy O'Brien, the Exhibits to the Complaint. Venue is improper in the SDF. New York is clearly the most, if not the only, proper venue under ERISA and other applicable rules and statutes. As there is no legal basis for venue in the SDF under the general or specific venue statutes applicable to this action, it should be dismissed. Alternatively, this Court should transfer this matter to the United States District Court for the Eastern District of New York, where it could have been brought originally, and which venue is the most proper, if not only proper venue for this action.

As required by the Court's local rules, the undersigned has discussed this motion with plaintiff's counsel prior to the filing of this motion; the Plaintiff opposes the motion and the relief sought.

CASE NO. 11-CV-23948-ALTONAGA
MAGISTRATE JUDGE SIMONTON

Dated: Fort Lauderdale, Florida

January 10, 2012

SEDGWICK LLP
Attorneys for Defendant(s)
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL  33308
Telephone:    (954) 958-2500
Facsimile:    (954) 958-2513

By:_____
KENNETH E. WHITE
Florida Bar No.: 725013

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by

ECF and U.S. Mail this <u>10th</u> day of January, 2012 to: Alicia Paulino-Grisham, Esq, Maggie M. Smith,

Esq., DI Law Group, Attorneys for Plaintiff, 4151 Hollywood Boulevard, Hollywood, Florida 33021

Lisa S. Kantor, Esq., Kantor & Kantor, LLP, 19839 Nordhoff Street, Northridge, CA 91324.

SEDGWICK LLP
Attorneys for Defendant(s)
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL  33308
Telephone:   (954) 958-2500
Facsimile:   (954) 958-2513

By:_____
KENNETH E. WHITE
Florida Bar No.: 725013

03246-000140\8