UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-23948-CIV-MORENO

ALEXANDRA H.,

    Plaintiff,

vs.

OXFORD HEALTH INSURANCE INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Plaintiffs' Motion for Reconsideration of Court's Ruling on Order to Show Cause **(D.E. No. 149)**, filed on <u>May 23, 2014</u>.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Plaintiff commenced this action under the Employee Retirement Income and Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, seeking payment of mental health care benefits under her employer St. Ann's School's employee welfare benefit plan (the "Plan"). St. Ann's School, the employer and Plan sponsor, is located in New York. Therefore, the Plan and the Certificate of Coverage issued by Oxford to the Plan participants are governed by New York law (to the extent not preempted by ERISA). Consistent with applicable New York State law, if Oxford renders a final adverse determination concerning the medical necessity of any service or treatment for which plan benefits are sought, the Plan provides members with the right to externally appeal Oxford's determination through the New York State Department of Financial Services ("DFS"). *See* N.Y. INS. LAW §4912; N.Y. PUB. HEALTH LAW

§4912. New York law and the express terms of the Plan provide that any such external appeal determination is binding on Oxford and the member.

In this case, Plaintiff pursued a voluntary external appeal, the DFS referred the external appeal to an independent agency, which in turn, selected a board certified psychiatrist who reviewed Plaintiff's treatment records and upheld Oxford's adverse determination in his external appeal decision. Plaintiff then commenced this action alleging a claim for benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), asserting that Oxford's determination was arbitrary and capricious. Under the terms of the Plan, no benefits are payable for services that are not "Medically Necessary," and the external reviewer's decision finding that the services were not "medically necessary" is binding on the Plan and the member. Thus, as a matter of law Plaintiff is not entitled to the benefits she seeks.

However, the instant Motion under review is actually Plaintiff's *third* attempt to sidestep the binding nature of the external reviewer's decision. Plaintiff first moved to strike the external reviewer's decision from the administrative record for her benefit claim. (DE 111). Oxford moved for reconsideration of that decision relying on *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (2002), and arguing that the New York external review law was not preempted by ERISA, that the external reviewer's decision was part of the administrative record and that the external reviewer's determination was binding on the parties to an ERISA employee welfare benefit plan. Plaintiff argued in opposition that the external reviewer's decision should not be considered because New York's External Appeal Law was preempted by ERISA and that the external review agent's decision is not binding on the parties. (D.E. 126, pp. 4-11, n.8). This Court granted Oxford's motion and reversed its original order (D.E. 111). The Court then issued an Order to Show Cause to Plaintiff on August 6, 2013 stating: "[b]ecause the external reviewer's decision is presumably dispositive of the claim, Plaintiff has three weeks to show cause why judgment should not be granted in favor of

Defendant." (DE 127, p.1). Instead of responding to the Court's order to show cause, Plaintiff essentially sought reargument of the Court's Order, arguing that: (1) the New York External Appeal Law does not preclude the Court from overturning the external reviewer's decision; (2) the external reviewer's decision was inaccurate; and (3) Plaintiff is entitled to discovery to prove a financial conflict of interest between the external reviewer and Oxford. (D.E. 130, 137). By Order dated April 25, 2014, this Court again rejected Plaintiff's arguments and reiterated its prior holding that the external review agent's determination is binding on all parties.

Plaintiff's latest motion to "reargue" these very same legal issues appears to be an effort to exploit the fact that a new judge has been assigned to this action in the hope that perhaps a different judge will view her arguments in a more favorable light. The Court notes that Plaintiff waited to file this motion until the assigned judge, U.S. District Judge Hon. Robin S. Rosenbaum, was appointed to the U.S. Court of Appeals and this matter was reassigned to Judge Hon. Federico A. Moreno. It is curious that, considering the Plaintiff presumably believed that her points provided a valid basis for pursuing a motion for reconsideration, she did not immediately move for this relief, rather than waiting for a new judge to be assigned to the matter.

This Court now finds that the Plaintiff has once again failed to meet her burden of demonstrating any basis for the Court to overturn its two prior Orders. Indeed, Plaintiff's motion is essentially a repetition of the same arguments that were originally presented in opposition to the Court's Order to Show Cause. In fact, several of Plaintiff's arguments are just re-emphasized reiterations, literally cut from her prior briefs in response to the Court's Order to Show Cause and pasted into her motion for "reconsideration". (*Compare* D.E. 130, pp. 5-9, 20-21 *with* D.E. 146, pp. 3-15). As Lt. Weinberg shrewdly observed in "A Few Good Men", mere attempts by Plaintiff to more "strenuously object" do not provide cause for this Court to reconsider its decisions, as Plaintiff fails to identify any clear error of law or fact or provide any basis upon which this Court should

reexamine its prior two Orders. (Columbia Pictures, 1992). Accordingly, the Court DENIES the Motion.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record